**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION**

| | |
|---|---|
| GEORGE HEISS,<br><br>   PLAINTIFF,<br><br>vs.<br><br>CKS FINANCIAL, LLC,<br><br>   DEFENDANT. | **Civil Action No.**<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiff, George Heiss ("Plaintiff" or "Heiss") by and through his attorney, L. Ashley Zubal, and for his Complaint against the Defendant, CKS Financial, LLC (hereinafter "Defendant" or "CKS"), alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business in Iowa and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, George Heiss, is a natural person residing in Polk County, Iowa.

4. Defendant, CKS is a business principally located in Virginia who is engaged in the collection of debts owed to another in the State of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

### IV. FACTUAL ALLEGATIONS

7. At some point in time, the Plaintiff incurred a financial obligation to an original creditor that was primarily for personal, family or household purposes, that allegedly went into default for late payment, and is therefore an alleged "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3).

8. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection, when thereafter the Plaintiff began receiving collection communications from the Defendant in an attempt to collect this debt.

*Voice Message on or about April 20, 2012*

9. On or about April 20, 2012, the Plaintiff received a collection call from a female representative of the Defendant named Amber Knight who was calling the Plaintiff in an attempt to collect a debt.

10. The call placed by the Defendant's representative Knight was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11. Ms. Knight identified herself but did not state from what organization she was calling. She advised that she was calling with regard to preliminary documentation that had been transferred to her office. She further stated that after reviewing the notations she was concerned that the Plaintiff may not be aware of the current situation.

12. Ms. Knight requested the Plaintiff contact her back to provide a statement and requested a call back as soon as possible.

13. The Plaintiff was completely unaware of why the Defendant's representative was contacting him. He had no knowledge of the circumstances or the documentation Ms. Knight was referencing.

14. The Plaintiff, upon receiving the voice message, called the number back that Ms. Knight referenced in the voice message. The phone rang repeatedly but no one answered.

15. As a result of the April 20, 2012 collection call, the Plaintiff felt anxiety, nervousness, confusion, frustration, fear, and anger.

16. This call on this occasion from Defendant was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), and 1692f, amongst others.

17. This call on this occasion from Defendant was a collection communication in violation of numerous and multiple provisions of the IDCPA, including but not limited to Iowa Code §§ 537.7103(1)(f), 537.7103(2), 537.7103(2)(b), 537.7103(4), and 537.7103(4)(b), amongst others.

### *Second Voice Message on or about April 23, 2012*

18. On or about April 23, 2012, the Plaintiff received a second collection call from a female representative of the Defendant named Amber Knight who was calling the Plaintiff in an attempt to collect a debt.

19. The call placed by the Defendant's representative Knight was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

20. Ms. Knight identified herself but did not state from what organization she was calling. She advised that she had made several attempts to contact the Plaintiff with regard to paperwork that her office was currently handling and that before they proceed she would like to get his statement on file.

21. Ms. Knight requested the Plaintiff contact her back to provide a statement and requested a call back as soon as possible.

22. The Plaintiff had only received one prior call from Ms. Knight.

23. The Plaintiff was completely unaware of why the Defendant's representative was contacting him. He had no knowledge of the circumstances or the documentation Ms. Knight was referencing.

24. As a result of the April 23, 2012 collection call, the Plaintiff felt anxiety, nervousness, confusion, frustration, fear, and anger.

25. This call on this occasion from Defendant was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), and 1692f, amongst others.

26. This call on this occasion from Defendant was a collection communication in violation of numerous and multiple provisions of the IDCPA, including but not limited to Iowa Code §§ 537.7103(1)(f), 537.7103(2), 537.7103(2)(b), 537.7103(4), and 537.7103(4)(b), amongst others.

### *Third Voice Message on or about April 24, 2012*

27. On or about April 24, 2012, the Plaintiff received a collection call from a female representative of the Defendant named Amber Knight who was calling the Plaintiff in an attempt to collect a debt.

28. The call placed by the Defendant's representative Knight was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

29. Ms. Knight identified herself but did not state from what organization she was calling. She advised that her office had been attempting to contact the Plaintiff in an effort to obtain a recorded statement. She further stated that the matter she was handling pertained directly to the Plaintiff.

30. Ms. Knight requested the Plaintiff contact her back to provide a statement and requested a call back as soon as possible.

31. The Plaintiff was completely unaware of why the Defendant's representative was contacting him. He had no knowledge of the circumstances or the documentation the Defendant was referencing.

32. As a result of the April 24, 2012 collection call, the Plaintiff felt anxiety, nervousness, confusion, frustration, fear, and anger.

33. This call on this occasion from Defendant was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not

limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), and 1692f, amongst others.

34. This call on this occasion from Defendant was a collection communication in violation of numerous and multiple provisions of the IDCPA, including but not limited to Iowa Code §§ 537.7103(1)(f), 537.7103(2), 537.7103(2)(b), 537.7103(4), and 537.7103(4)(b), amongst others.

### *Failure to Provide Required 15 U.S.C. 1692g Correspondence*

35. Notwithstanding the voice message communications from the Defendant on April 20, April 23 and April 24, 2012, the Defendant failed to forward any written correspondence to the Plaintiff.

36. As such, the Defendant failed to send correspondence to the Plaintiff which contain notices required by 15 U.S.C. 1692g. Specifically, said notices must advise the Plaintiff of his right to dispute the debt and request verification of the alleged debt. Said notice is required to be forwarded to consumers within five days of the initial communication.

37. The Defendant's failure to forward the required notices as set forth in 15 U.S.C. 1692g violated numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g, among others.

38. The Defendant's failure to forward the required notices as set forth in 15 U.S.C. 1692g violated provisions of the IDPCA, including, 537.7103(1)(f), among others.

### *Respondeat Superior Liability*

39. The acts and omissions of the Defendant and its representatives employed as agents by Defendant CKS who communicated with Plaintiff as more further

described herein, were committee within the time and space limits of their agency relationship with their principal, Defendant CKS.

40. The acts and omissions by Defendant CKS and its representative were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant CKS in collecting consumer debts.

41. By committing these acts and omissions against the Plaintiff, CKS and its representatives were motivated to benefit their principal, CKS.

42. The Defendant is therefore liable to the Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by the Defendant and its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from the Plaintiff.

### V. FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

43. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. CKS, and its agents, through the foregoing intentional and negligent acts and omissions, violated numerous and multiple provisions of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

45. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant:

## COUNT I.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

### VI. SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

46. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. CKS, and its agents, through the foregoing intentional and negligent acts and omissions, violated numerous and multiple provisions of the IDCPA including, but not limited to, each and every one of the above-cited provisions of the IDCPA, Iowa Code § 537.7103 et seq.

48. As a result of each and every Defendant's violations of the IDCPA, Plaintiff is entitled to actual damages pursuant to § 537.5201(1)(y); statutory damages in an

amount up to $1,000.00 pursuant to § 537.5201(1)(y); and, reasonable attorney's fees and costs pursuant to § 537.5201(8) from the Defendant herein.

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant:

### COUNT II.
### VIOLATIONS OF THE IOWA DEBT COLLECTION PRACTICES ACT
### Iowa Code § 537.7103 et seq.

- For an award of actual damages pursuant to § 537.5201(1)(y) against the Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to § 537.5201(1)(y) against the Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to § 537.5201(8) against the Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

### VII.   JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

  /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF